**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RONALD HURD,

       Plaintiff,

v.

NOVARTIS PHARMACEUTICALS
CORPORATION,

       Defendant.

No. 2:20-cv-00262-JAP-GBW

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
MOTION FOR MORE DEFINITE STATEMENT**

      Defendant Novartis Pharmaceuticals Corporation's ("Novartis") motion is based entirely on the flawed premise that to meet its pleading standard under Fed. R. Civ. P. 8(a), Plaintiff must plead a precise date of injury. Novartis contends this is required because Plaintiff has a duty to negate any potential statute of limitations defense Novartis may have. *See* Novartis Br. in Supp. at 3-4. The Tenth Circuit, however, has squarely rejected this contention, holding that a plaintiff is not required to plead facts negating affirmative defenses, including statute of limitations defenses. *See Asebedo v. Kansas State University,* 559 Fed. Appx. 668, 671 (10th Cir. 2014) (unpublished) (citing *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012)); *see also Bauer v. City and County of Denver*, 642 Fed. Appx.

1

920, 924 (10th Cir. 2016) (unpublished). Novartis' motion is therefore meritless and should be denied in full.

## FACTS

This is a products liability action brought by Plaintiff Ronald Hurd against Novartis for injuries he sustained as a result of taking Novartis' drug, Tasigna—a tyrosine kinase inhibitor used to treat Chronic Myelogenous Leukemia ("CML"). *See* Compl. at ¶¶ 1-3. Plaintiff alleges that despite dire warnings from multiple health authorities—including Novartis' own clinical investigators—Novartis concealed known risks of severe, accelerated, and irreversible atherosclerotic-related conditions associated with Tasigna, and that, as a result, Plaintiff suffered atherosclerotic related injuries including peripheral vascular disease and arteriosclerosis. To address these conditions, Plaintiff underwent a coronary artery bypass graft and angioplasty procedures. *Id.* at ¶¶ 28-36, 49-50.

The Complaint alleges, in detail, Novartis' aggressive and improper marketing tactics and its knowledge, concealment, and intentional failure to warn of the atherosclerotic risks associated with the drug. *Id.* at 19-48. It also pleads facts specific to Plaintiff and his injury, including: (1) Plaintiff's CML diagnoses—alleging that Plaintiff was diagnosed in October 2009; (2) Plaintiff's Tasigna usage—alleging that Plaintiff took the drug from January 2013 to December 2017; and (3) Plaintiff's injuries—alleging that as a result of Plaintiff's Tasigna usage, he developed peripheral vascular disease and arteriosclerosis requiring multiple procedures. *Id.* at ¶¶ 49-50.

## ARGUMENT

Federal Rule of Civil Procedure 8(a) provides that a complaint "must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to

2

dismiss "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* A court must accept as true all factual allegations, but threadbare recitals to the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* Dismissal is "appropriate only where it is clear that plaintiff can prove no set of facts which would entitle him to relief." *Smith v. Colorado Dept. of Corrections*, 23 F.3d 339, 340 (10th Cir. 1994).

Here, Novartis does not, and cannot, argue that Plaintiff's 91-paragraph Complaint—detailing Novartis' misconduct, Plaintiff's usage of Tasigna, and the injuries Plaintiff sustained as a result—fails to plausibly allege a cause of action for strict products liability and negligence. Instead, Novartis argues that Plaintiff's Complaint should be dismissed because Plaintiff has a duty to plead a specific date of injury and negate any potential statute of limitations defense Novartis may have. This is incorrect.

A statute of limitations bar is an affirmative defense and plaintiffs are not required to negate affirmative defenses in their complaint. *Asebedo,* 559 Fed. Appx. 668 at 671; *Bauer*, 642 Fed. Appx. 920 at 924. Thus, at the Rule 12(b)(6) stage, a district court may dismiss a claim on a statute of limitations defense only "when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id.*

Indeed, this Court has rejected near identical arguments that a plaintiff must plead a specific date to establish that a claim is not time barred. *See Anderson Living Trust v. WPX Energy Production, LLC*, 27 F. Supp.3d 1188, 1234-1235 (D.N.M. 2014). In *Anderson*, the defendant

3

argued that "although Plaintiffs avoid alleging the specific dates on which they contend they first suffered injury in fact by reason of any breach of the express royalty terms, breach of any implied in law covenants, or any statutory violation by Defendants, *their artful pleading is insufficient to avoid dismissal* of the claims barred by the applicable statutes of limitations" and further that "because limitations defenses can sometimes be adjudicated at the motion-to-dismiss stage, the burden is on the Plaintiffs to plead facts that permit a full adjudication of the limitations issue." *Id*. at 1235 (emphasis added). The *Anderson* Court rejected this argument, holding:

> While there are obvious efficiencies to disposing of clearly time-barred claims at the motion-to-dismiss stage, not all limitations defenses are open-and-shut cases; genuine factual disputes can exist, and a rule 12(b)(6) motion is not the place to decide them. Unless it is essential to the establishment of the prima facie elements of a claim or the claim is for fraud or mistake, *see* Fed.R.Civ.P. 9(b), a plaintiff is under no obligation to plead specific or identifiable dates at all.

*Id*.

In addition, other district courts in this circuit have consistently rejected a defendant's attempt to shift the burden of pleading statute of limitations defenses to the plaintiff. *See, e.g., Resource Exploration & Min., Inc. v. Itel Corp.* 492 F. Supp. 515 (D. Colo. 1980) (declining to require the plaintiff to allege the date it discovered fraud as this would require it to plead facts in anticipation of an affirmative defense); *National Credit Union Admin. Bd. v. Credit Suisse Securities (USA) LLC*, 939 F. Supp.2d 1113 (D. Kan. 2013) (rejecting the defendants assertion that the plaintiff must plead facts to show that its claims are timely and stating the defendant could raise the defense of statute of limitations on a motion to dismiss when the complaint reveals on its face that the suit is time-barred, and on a summary judgment motion when it does not); *Animal Care Systems, Inc. v. Hydropac/Lab Products, Inc.*, 2015 WL 1469513 (D. Colo. 2015) (denying

as premature a motion to dismiss based on statute of limitations where complaint was not specific enough to establish timing of when claims accrued).

Applying the above law to this case, it is clear that Plaintiff has no duty to negate a statute of limitations defense in his pleading and Novartis' motion must be denied. Novartis' entire premise that "Plaintiff's pleading burden includes the burden to prove facts related to threshold defenses—including statute of limitations defenses" (Novartis Br. in Supp, at p. 3), is in direct conflict with established authority from this Circuit and this Court.

Novartis, of course, did not cite to this dispositive authority in its brief, citing instead to mostly non-circuit district court authority involving facts not even remotely close to the ones here.[1] It is inconceivable that in its expansive research effort to find some semblance of authority supporting its position, Novartis did not discover the dispositive circuit authority rejecting its position. Novartis nevertheless brought this motion, failing to apprise the Court of these cases.

Novartis claims it knows the date of the alleged injury, which Novartis contends occurred at least as early as January 2015, attaching an unauthenticated medical record in support of its contention. This extraneous evidence does not support Novartis' position. Aside from the fact that this purported fact goes outside of the pleadings and cannot be considered on a motion to dismiss (*see Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005)), Novartis neglects to inform the Court that the parties entered into a multi-year tolling agreement, of which Plaintiff was a party, in an attempt to resolve Plaintiff's claim, prior to filing this suit.

---

[1] The single case from a court within the 10th circuit cited by Defendants to support their position, *MasTec North Am., Inc. v. Allegiance Commc'ns, LLC*, No. 06-02296-JWL, 2006 WL 3350712, (D. Kan. Nov. 17, 2006) only addresses this issue as it applies to contract claims and is inapplicable here.

5

Further, even without a tolling agreement, a date of injury outside of the statute of limitations in itself does not establish a statute of limitations defense. Despite Novartis' brazen mischaracterization of the New Mexico statute of limitations[2], under New Mexico law, in a products liability case, "a cause of action accrues when the claimant knows, or with reasonable diligence, should have known of the injury *and its cause*." *Gerke v. Romero*, 148 N.M. 367, 371 (N.M. Ct. App. 2010) (emphasis added).

Thus, no matter when Plaintiff's injury or injuries occurred, the dispositive issue turns on when Plaintiff made or should have made a causal connection between his injuries and Tasigna. This is a question of fact for the jury, which Novartis has the burden of proving. It is for this very reason that courts do not require plaintiffs to plead a specific date of injury and deny motions to dismiss based on statute of limitations defenses. *See Anderson*, 27 F. Supp.3d at 1237 (where there are disputed facts, it is generally the province of a jury to determine the date on which a plaintiff became aware or should have become aware of the facts underlying his or her claim. If such factual disputes exist, granting a motion to dismiss on statute of limitations grounds would be improper); *Fratus v. Deland*, 49 F.3d 673, 676 (10th Cir. 1995) (noting that the date of accrual can be "a fact laden issue," making it "impossible at [the motion to dismiss] stage of the proceedings to place the claim definitively inside or outside the statute of limitations").

---

[2] Novartis asserts that under New Mexico law, the statute of limitations for personal injury claims begins to run from the time when the injury is first inflicted. However, in citing *Maestas v. Zager*, 2007-NMSC-003, ¶ 22, 141 N.M. 154, 152 P.3d 141, Novartis contradicts itself in its own parenthetical -- ("Once a plaintiff has discovered his or her injury *and the cause of that injury*, the statute of limitations begins to run. It is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run."). *See* Novartis Br. In Supp., at 4 (emphasis added).

6

Novartis' alternate request for more definite statement under Fed. R. Civ. P. 12(e) is also meritless. That rule provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R Civ. P. 12(e). However, as courts in this Circuit have held, motions for a more definite statement are disfavored and should not be used, in place of discovery, as a means to flesh out details:

> The federal courts disfavor motions for a more definite statement in light of the liberal discovery provided under the federal rules, and grant such motions only when the complaint is so vague or ambiguous that a defendant cannot reasonably determine the issues requiring a response…A motion for a more definite statement is used to provide a remedy only for an unintelligible pleading, rather than to correct inaccurate assertions, add precision, or flesh out a lack of detail.

*Serna v. Webster*, No. CIV 17-0020, 2017 WL 4386359, *28 (D.N.M. Sept. 30, 2017); *see also Coffey v. McKinley County*, No. CIV 09–0028, 2009 WL 3208209, *1 (D.N.M. Sept. 11, 2009).

Here, Novartis is improperly attempting to use Rule 12(e) as a means to establish a statute of limitations defense that can only be resolved through discovery and determination by a jury. Further, Novartis effectively concedes in its brief that a more definite statement is unnecessary because it claims it already knows the precise date of Plaintiff's injury. Novartis Br. in Supp., at p. 4 ("Plaintiff and his counsel, however, know the date of the alleged injury. So does [Novartis]."). Novartis points to nothing in Plaintiff's pleadings that is "so vague and ambiguous that [Novartis] cannot properly prepare a response" (Fed. R. Civ. P. 12(e)), and its motion should be denied.

## **CONCLUSION**

For these reasons, Novartis' motion should be denied in full.

Dated: April 30, 2020 Respectfully Submitted,

**PARKER WAICHMAN LLP**

/s/ *Raymond C. Silverman*
Raymond C. Silverman
6 Harbor Park Dr.
Port Washington, NY 11050
Telephone: (516) 466-6500
Facsimile: (516) 466-6665
rsilverman@yourlawyer.com

Justin R. Kaufman
Rosalind B. Bienvenu
Caren I. Friedman
**DURHAM, PITTARD & SPALDING, L.L.P.**
505 Cerrillos Road, Suite A209
Santa Fe, NM 87501
Telephone: (505) 986-0600
Facsimile: (505) 986-0632
jkaufman@dpslawgroup.com
rbienvenu@dpslawgroup.com
cfriedman@dpslawgroup.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on this 30th day of April 2020, I electronically filed the foregoing Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement, with the Clerk of the Court by using the CM/ECF system, which caused the following counsel to be served by electric means as more fully reflected on the Notice of Electronic Filing:

Bradford C. Berge
Julia Broggi
**HOLLAND & HART LLP**
110 North Guadalupe, Suite 1
P.O. Box 2208
Santa Fe, New Mexico 87504-2208
(505) 988-4421
BBerge@hollandhart.com
JBroggi@hollandhart.com

Robert E. Johnston, Esq.
Donald R. McMinn, Esq.
Andrew L. Reissaus, Esq.
**HOLLINGSWORTH LLP**
1350 I Street Northwest
Washington, District of Columbia 20005
(202) 898-5800
RJohnston@Hollingsworthllp.com
DMcminn@Hollingsworthllp.com
AReissaus@Hollingsworthllp.com
*Attorneys for Defendant Novartis Pharmaceuticals Corporation*

                                                          */s/ Raymond C. Silverman*_____
                                                          Raymond C. Silverman