IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| RONALD HURD,<br><br>   Plaintiff,<br><br>   v.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>   Defendant. | No. 2:20-cv-00262-JAP-GBW |

**DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S REPLY
IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Plaintiff's opposition ("Opp'n") (Doc. 18) argues that he is not required to plead the date on which his alleged injury was diagnosed, even though he knows the date. His preferred solution is to delay resolution of the obvious statute of limitations issue in this case while burdening the Court and Novartis Pharmaceuticals Corporation ("NPC") with conducting substantial discovery. Plaintiff's opposition also raises an irrelevant substantive and merits-based argument on the statute of limitations. These arguments are irrelevant because NPC's motion does not seek dismissal based on any statute of limitations defense but only a dismissal for failure to plead the facts central to his case as required by Supreme Court precedent. Plaintiff's opposition seeks to distract the Court from the fact that he avoided pleading a known, uncontroverted, and central fact that is a necessary element of his claims – when he was diagnosed with peripheral vascular disease ("PVD," also known as peripheral arterial occlusive disease ("PAOD")) and arteriosclerosis.

The Supreme Court has emphasized that Rule 12(b)(6) should be utilized early in litigation to identify deficient claims: "Where the allegations in a complaint, however true, could

not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal quotation omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) authorizes the early dismissal of claims based on dispositive issues of law. *See Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding." *Id.* at 326-27. The relief NPC seeks – to have plaintiff plead the date he first was diagnosed with his injury – is consistent with the Supreme Court's direction to expose basic deficiencies as early as possible to avoid wasting the court's and the parties' resources.[1]

Plaintiff concedes that his alleged injury is among those specific facts that must be pleaded:

> [The Complaint] also pleads facts specific to Plaintiff and his injury, including: (1) Plaintiff's CML diagnoses – alleging that Plaintiff was diagnosed in October 2009; (2) Plaintiff's Tasigna usage – alleging that Plaintiff took the drug from January 2013 to December 2017; and (3)

---

[1] Plaintiff relies on two Tenth Circuit cases to claim plaintiff has no burden to plead the date of his injury. Opp'n 1. In one, the Tenth Circuit affirmed the granting of a motion to dismiss based on the statute of limitations. *Bauer v. City and County of Denver*, 642 Fed. Appx. 920, 922-24 (10th Cir. 2016) (finding the date range the defendant alleged his constitutional rights had been violated make it clear his claim was barred by the statute of limitations). In the other, an employment discrimination case, the Tenth Circuit does not address the statute of limitations, and relies on opinions that pre-date *Twombly* and *Iqbal* or are from outside the Tenth Circuit for the proposition that a plaintiff need not plead against affirmative defenses. *See Asebedo v. Kansas State University*, 559 Fed. Appx. 668, 671 (10th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007) (a pre-*Twombly*/*Iqbal* opinion), *Gomez v. Toledo*, 446 U.S. 635, 640 (1980) (same), and *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (a non-binding Seventh Circuit opinion). NPC does not seek to have plaintiff negate affirmative defenses – but rather to plead a basic and known fact.

> Plaintiff's injuries – alleging that as a result of Plaintiff's Tasigna usage, he developed peripheral vascular disease and arteriosclerosis requiring multiple procedures.

Opp'n 2. Tellingly, plaintiff provides dates for two of the three facts (the date of CML diagnosis and dates of Tasigna® use), but deliberately omits the date of diagnosis of the alleged injury. *Id.* Nowhere in plaintiff's opposition is any statement that NPC misreported that his alleged injury was diagnosed in January 2015 – more than five years before this suit was filed. Because the New Mexico statute of limitations applicable to negligence and product liability claims expires three years after accrual, that five-year gap, if pleaded, would give rise to an obvious motion to dismiss based on the statute of limitations. *See* Mot. 4-5 (Doc. 8). By not pleading that known date, plaintiff seeks to prevent NPC from raising that potentially dispositive issue at the outset of this case.[2]

After showing he could have pleaded when he received his initial diagnosis, plaintiff contends that he is not required to do so because "no matter when Plaintiff's injury or injuries occurred, the dispositive issue turns on when Plaintiff made or should have made a causal connection between his injuries and Tasigna." Opp'n 6. NPC has not asked the Court to require

---

[2] Plaintiff argues that NPC's inclusion of medical records demonstrating the date of diagnosis of the injury as an exhibit to its motion was improper. Opp'n 5. NPC included the record simply to alert the Court to the fact that plaintiff is plainly aware of the date of the initial diagnosis and has in his possession documentary evidence establishing that date. NPC's request for relief here – dismissal for failing to state a claim on which relief can be granted or a required amendment under Rule 12(e) – does not rely on that document. Accordingly, there is no issue of extrinsic evidence presented on this procedural posture. *See Lowe v. Town of Fairland, Okl.*, 143 F.3d 1378, 1381 (10th Cir. 1998) (motion to dismiss not automatically converted to motion for summary judgment merely by attaching materials to motion).

plaintiff to plead a legal conclusion – the date his claim accrued under New Mexico law.[3] NPC's motion does not ask for a *substantive* decision. NPC has moved to cure a pleading defect in order to address the threshold issue of the statute of limitations in this case at an early stage.

Plaintiff acknowledges – in fact, he affirmatively cites – a Tenth Circuit holding that motions to dismiss based on the statute of limitations are appropriately granted when the dates given in a complaint make it apparent that the limitations period has run. *See* Opp'n 3 (citing *Bauer v. City and County of Denver*, 642 Fed. Appx. 920, 924 (10th Cir. 2016)). That is why plaintiff opposes the simple relief that NPC seeks. Indeed, Tenth Circuit precedent permits and has upheld the early use of Rule 12(b)(6) to dismiss cases that are barred by the statute of limitations. *E.g., Radloff-Francis v. Wyo. Med. Center, Inc.*, 524 Fed. Appx. 411, 412-14 (10th Cir. 2013) (affirming Rule 12(b)(6) dismissal of medical malpractice action as time barred ); *Lee v. Rocky Mountain UFCW Unions and Emp'rs Tr. Pension Plan*, 1993 WL 482951, 1 (10th Cir. 1993) (affirming Rule 12(b)(6) dismissal of pension benefits claim as time barred).

The complaint concedes that Tasigna®'s labeling in 2014 specifically warned of the occurrence of peripheral arterial occlusive disease in patients treated with the cancer medicine more than six years prior to the filing of the complaint (and one year before plaintiff's diagnosis). Compl. ¶ 40 (Doc. 1) (quoting Tasigna®'s January 2014 Warning & Precautions section). Although NPC's current motion does not seek substantive relief on its statute of limitations defense, the Tasigna® labeling itself, no later than January 2014, provides sufficient information that was available to plaintiff at the date of his diagnosis to put a reasonable plaintiff

---

[3] Had Plaintiff included an allegation of the date of initial diagnosis in his initial complaint, NPC would have asked the Court to consider whether the pleaded facts are sufficient as a matter of law to establish that the claim is barred by the statute of limitations. NPC expects to do so if plaintiff is required to replead and allege the date of diagnosis.

on notice that Tasigna® could be a potential cause of his alleged injury. *See Maestas v. Zager*, 2007-NMSC-003, ¶ 22, 141 N.M. 154, 152 P.3d 141 ("Once a plaintiff has discovered his or her injury and the cause of that injury, the statute of limitations begins to run. It is not required that all the damages resulting from the negligent act be known before the statute of limitations begins to run."); *see also Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1242 (D.N.M. 2019) (applying New Mexico law to hold plaintiff's negligence and strict liability claims barred by the statute of limitations because plaintiff "was aware of a potential problem with the Defendants' [product] seven years before she filed her original Complaint"). Should plaintiff plead the date of his diagnosis, it will be apparent that this case can be dismissed on the face of pleadings.

Because the date of the alleged injury is the only remaining fact to establish the causal connection, the statute of limitations issue, here, is an open-and-shut case. The cases plaintiff cites in support of his position, on whether he has to plead the date of his alleged injury, are not pertinent on these facts.[4] Plaintiff's reliance on *Anderson Living Trust v. WPX Energy Production, LLC*, a contract case, is misplaced because that court's ruling addressed the discovery rule (i.e., whether the plaintiff could have discovered the cause of its injury), not the basic fact that is the date of plaintiff's diagnosis. *Anderson Living Tr. v. WPX Energy Prod., LLC*, 27 F. Supp. 3d 1188, 1226 (D.N.M. 2014). The court also noted that "the Tenth Circuit has

---

[4] Plaintiff's reliance on non-binding and distinguishable district court opinions that were decided before *Twombly* and *Iqbal* or that rely on pre-*Twombly*/*Iqbal* authority do not alter the analysis. *See* Opp'n 4-5 (citing *Resource Expl. & Min., Inc. v. Itel Corp.*, 492 F. Supp. 515 (D. Colo. 1980) (a pre-*Twombly*/*Iqbal* securities case where defendant sought pleading of date of discovery of alleged fraud); *Nat'l Credit Union Admin. Bd. v. Credit Suisse Sec. (USA) LLC*, 939 F. Supp.2d 1113 (D. Kan. 2013*)* (a securities case relying on pre-*Twombly*/*Iqbal* authority where defendant alleged a year-long period when plaintiff should have discovered claim); and *Animal Care Sys., Inc. v. Hydropac/Lab Prods., Inc.*, 2015 WL 1469513 (D. Colo. 2015) (a patent case where parties disputed when discovery of counterclaim occurred, relying on pre-*Twombly*/*Iqbal* authority)).

borrowed from New Mexico state court procedure to require some form of burden-shifting whenever the discovery rule comes into play at the pleading stage." *Id.* at 1237. Unlike in *Anderson*, however, NPC's motion addresses only the date of diagnosis, and does not seek to require plaintiff to invoke the discovery rule in his pleading. As stated above, plaintiff already conceded to the dates he used Tasigna® and that the labeling addressed the injury at issue by January 2014, which gave him notice as to the potential cause of his alleged injury. *See* Compl. ¶¶ 40, 49-50. The triggering date is not a complicated question here: it is simply when the disease was diagnosed.[5] Plaintiff does not even contest the date of the alleged injury. There is no real fact laden issue as discussed in the case law that plaintiff cites. *See* Opp'n 6. Here, NPC seeks only the date of initial diagnosis. NPC only asks that the Court not countenance plaintiff deliberately not pleading the date of diagnosis for the purpose of avoiding an early resolution of an open-and-shut statute of limitations defense.

Even if NPC is not entitled to dismissal of plaintiff's claim for failing to plead the date he was first diagnosed, this Court may rely on Rule 12(e) to require plaintiff to amend his complaint to add that date so that the statute of limitations issue may be addressed at the outset of this case. In the two cases plaintiff cites in opposition on page 7, one court actually granted a motion for a more definitive statement, and the other denied the motion as moot only after the parties agreed

---

[5] Plaintiff's opposition also claims NPC "neglect[ed] to inform the Court" that there is a tolling agreement, implying that the agreement somehow preserves his claim. *See* Opp'n 5. Plaintiff offers no analysis of the agreement and fails to provide the agreement to the Court even though he erroneously identifies the agreement as relevant. The agreement is not relevant now because NPC's motion seeks only to cure a pleading defect. When the time comes to address plaintiff's stale claim, the agreement will not help him. The agreement states that it does not revive stale claims, and the three-year statute for plaintiff's January 2015 diagnosis expired by January 2018, many months before the agreement's effective date of May 31, 2018. *E.g., Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 670 (10th Cir. 2016) (holding claims properly dismissed as time barred because statute of limitations ran prior to tolling agreement).

to resolve the ambiguities without court intervention. *Serna v. Webster*, No. CIV 17-0020, 2017 WL 4386359, at *42 (D.N.M. Sept. 30, 2017) (adopting magistrate's recommendation to grant motion for a more definitive statement); *Coffey v. McKinley County*, No. CIV 09-0028, 2009 WL 3208209, at *1-2 (D.N.M. Sept. 11, 2009) (denying motion as moot based on parties' agreement to resolve ambiguities). This Court and others in the district have granted motions for a more definitive statement. *E.g., Berry v. New Mexico*, No. CV 03-1285 JP/DJS, 2004 WL 7338073, at *2 (D.N.M. Mar. 19, 2004) (granting Rule 12(e) motion and requiring plaintiff to provide additional factual support, noting plaintiff's failure to plead dates and locations of incidents).[6] Countenancing plaintiff's pleading means NPC will have to undertake the burden and expense of the full discovery process, including points of Court involvement, all to secure a single date that plaintiff knows now and does not contest. Granting a Rule 12(e) motion would be more efficient, not less.

For the foregoing reasons, this Court should grant NPC's Motion to Dismiss or, in the Alternative, Motion for More Definite Statement.

---

[6] *See also Crespin v. City of Espanola*, 2012 WL 592880, at *3 (D.N.M. 2012) (granting Rule 12(e) motion where pleading may "affect, among other things, the affirmative defenses that the Defendants may need to raise"); *Collins v. Taos Bd. of Educ.*, 2011 WL 13085935, at *9-10 (D.N.M. 2011) ("Plaintiffs must amend their Complaint to plead sufficient facts to provide a clear understanding of which retaliatory acts each specific Plaintiff complains of, and allegations of which specific Defendant perpetrated which acts."); *Jones v. CNT Chartis Ins. Agency Inc.*, 2011 WL 13284662, at *1-2 (D.N.M. 2011) (plaintiff must provide amended complaint to include, among other things, "the relevant factual background supporting the claim"); *Hernandez v. Bd. of County Comm'rs County of Grand, New Mexico*, 2005 WL 8163571, at *1-3 (D.N.M. 2005) ("Plaintiffs do not set forth . . . what federal or state right [the defendant] violated. Plaintiffs' claim . . . is not sufficiently definite to enable [the defendant] to know what is charged."); *Sweazea-Cox v. United States*, 1999 WL 35809021, at *1 (D.N.M. 1999) ("Plaintiff must allege a specific cause of action or specific facts that will allow the Defendant to ascertain Plaintiff's cause of action. These allegations must explain what this Defendant did that allegedly harmed the Plaintiff, and the legal basis that gives this Court authority to grant relief.").

Dated: May 14, 2020

        Respectfully submitted,

        **Holland & Hart LLP**

        By: */s/ Bradford C. Berge*
        Bradford C. Berge
        Julia Broggi
        110 North Guadalupe, Suite 1
        P.O. Box 2208
        Santa Fe, New Mexico 87504-2208
        (505) 988-4421
        BBerge@hollandhart.com
        JBroggi@hollandhart.com


        Robert E. Johnston, Esq.
        Donald R. McMinn, Esq.
        Andrew L. Reissaus, Esq.
        **Hollingsworth LLP**
        1350 I Street Northwest
        Washington, District of Columbia 20005
        (202) 898-5800
        RJohnston@Hollingsworthllp.com
        DMcminn@Hollingsworthllp.com
        AReissaus@Hollingsworthllp.com


        *Attorneys for Defendant Novartis Pharmaceuticals Corporation*

# CERTIFICATE OF SERVICE

I certify that on this 14th day of May, 2020, I electronically filed the foregoing Novartis Pharmaceuticals Corporation's Reply in Support of Its Motion to Dismiss or, in the Alternative, Motion for More Definite Statement with the Clerk of the Court by using the CM/ECF system, which caused the following counsel to be served by electric means as more fully reflected on the Notice of Electronic Filing:

> Justin R. Kaufman
> Rosalind B. Bienvenu
> Caren I. Friedman
> **DURHAM, PITTARD & SPALDING, LLP**
> 505 Cerrillos Road, Suite A209
> Santa Fe, NM 87501
> Telephone: (505) 986-0600
> Facsimile: (505) 986-0632
> jkaufman@dpslawgroup.com
> rbienvenu@dpslawgroup.com
> cfriedman@dpslawgroup.com
>
> Raymond C. Silverman (*Pro Hac Vice pending*)
> **PARKER WAICHMAN LLP**
> 6 Harbor Park Dr.
> Port Washington, NY 11050
> Telephone: (516) 466-6500
> Facsimile: (516) 466-6665
> rsilverman@yourlawyer.com
>
> *Attorney for Plaintiffs*

                                              */s/ Bradford C. Berge*
                                              Bradford C. Berge

14650822_v1