UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**RONALD HURD**,
    Plaintiff,

vs.                                                                                            No. 20-CV-262 JAP/GBW

**NOVARTIS PHARMACEUTICALS
CORPORATION**,
    Defendant.

## MEMORANDUM OPINION AND ORDER

On March 23, 2020, Plaintiff Ronald Hurd (Plaintiff) filed a Complaint[1] against Defendant Novartis Pharmaceuticals Corporation (Defendant). On April 16, 2020, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure (Rule) 12(b)(6) or alternatively, a motion for a more definite statement under Rule 12(e).[2] Plaintiff responded on April 30, 2020,[3] and Defendant replied on May 14, 2020.[4] After reviewing Plaintiff's Complaint and the parties' briefs, the Court will deny the Motion.

## FACTS

Tasigna is a medication used for the treatment of chronic myeloid leukemia (CML), a blood cancer. Complaint (Doc. 1) ¶ 19. According to Plaintiff, by 2010 Defendant knew that Tasigna caused "several forms of severe, accelerated, and irreversible atherosclerotic-related

---

[1] See COMPLAINT AND JURY DEMAND (Doc. 1) (Complaint).
[2] See DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT (Doc. 8) (Motion).
[3] See PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT (Doc. 18).
[4] See DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO DIMISS OR, IN THE ALTERNATIVE, MOTION FOR  A MORE DEFINITE STATEMENT (Doc. 20).

conditions."[5] *Id.* ¶¶ 28, 29. Novartis' response to this evidence was different in Canada than it was in the United States.

In 2012, after learning of Tasigna's side effects, Health Canada sent Novartis a report that "the evidence 'strongly suggest[ed] . . . an association between the use of Tasigna and the development/exacerbation of atherosclerotic-related diseases.'" *Id.* ¶ 32. Subsequently, in August 2012, Novartis updated its Canadian prescription reference document with notices about the risks of atherosclerotic-related diseases in box warnings entitled "Serious Warnings and Risks." *Id.* "The box warning directed health professionals to the Warnings and Precautions section, which warned that atherosclerotic-related conditions could result in death, and that Tasigna-related peripheral arterial occlusive disease, 'can be severe, rapidly evolving, and may involve more than one site. Peripheral arterial occlusive disease may require repeated revascularization procedures and can result in complications that may be serious, such as limb necrosis and amputations.'" *Id*. Eight months later, in April 2013, Novartis issued an advisory to Canadian health officials about the atherosclerotic risks associated with Tasigna. *Id.* ¶ 33. The advisory indicated that patients taking Tasigna should be monitored for those risks. *Id.* In contrast, in January 2014, Defendant began including a warning on Tasigna's cardiovascular side effects on prescriptions in the United States. *Id.* ¶ 40. But Defendant did not issue an advisory to United States healthcare providers nor did it identify the Tasigna label warnings in the United States as "serious." *Id.* ¶¶ 34, 40, 45.

In 2009, Plaintiff was diagnosed with CML. *Id.* ¶ 49. Plaintiff took Tasigna from January 2013 to December 2017. *Id.* During this time, Plaintiff did not know of Tasigna's cardiovascular side effects. *Id.* Subsequently, Plaintiff developed atherosclerotic conditions, which included

---

[5] These are conditions that cause hardening and narrowing of the arteries. *Id* ¶ 28.

peripheral vascular disease and arteriosclerosis that necessitated a coronary artery bypass graft and angioplasty procedures. *Id.* ¶ 50.

## APPLICABLE LAW

A pleading "must contain. . .a short and plaint statement of the claim showing that the pleader is entitled to relief." Rule 8(a). A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the allegations within the four corners of the complaint." *Romero v. United States*, 159 F. Supp. 3d 1275, 1279 (D.N.M. 2015) (citation omitted). When considering a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009). The allegations must "state a claim to relief that is plausible on its face." *Id.*

"The claim is plausible only if it contains sufficient factual allegations to allow the court to reasonably infer liability. *Moya v. Garcia,* 895 F.3d 1229, 1232 (10th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The term "plausible" does not mean "likely to be true." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). The factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555.

Plaintiff's Complaint is in federal court based on diversity under 28 U.S.C. § 1332.[6] A federal court exercising supplemental jurisdiction "applies the substantive law . . . of the forum state." *BancOklahoma Mort. Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1999). However, when determining whether dismissal of a cause of action is appropriate, a

---

[6] Neither party disputes this Court's jurisdiction or venue.

federal court applies federal law. *See Stickley v. State Farm Mut. Auto Ins. Co.*, 505 F.3d 1070, 1076 (10th Cir. 2007). The sufficiency of a pleading is a procedural issue governed by the notice requirements of federal law, but a court applies the substantive law of the state to analyze the underlying claims. *Id.* (applying federal standards to summary judgment)*; see also  Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1099 (10th Cir. 2017) (applying federal standards to motion to dismiss).

Plaintiff alleges damages based on strict liability for Defendant's failure to warn of Tasigna's atherosclerotic side effects and on negligence for Defendant's failure to exercise reasonable care in the production, promotion, manufacturing, and distribution of Tasigna. In New Mexico, the statute of limitations for product liability claims is three years. NMSA 1978, § 37-1-8. "Depending on the nature of the claims asserted and the context out of which they arise, personal injury claims may accrue at the time of the occurrence, the time of injury, or the time of discovery." *Williams v. Steward*, 112 P.3d 281, 285 (N.M. Ct. App. 2005). The discovery rule provides that a cause of action accrues "when the plaintiff discovers or with reasonable diligence should have discovered that a claim exists." *Roberts v. Sw. Cmty. Health Serv.*, 837 P.2d 442 (N.M. 1992) (discussing the policy behind the "discovery rule" and adopting it in medical malpractices cases). New Mexico has applied the discovery rule to product liability cases. *Martinez v. Showa Denko*, *K.K.,* 964 P.2d 176, 181 (N.M. Ct. App. 1998) (holding "where an individual has been injured by an unsafe or defective product and the resulting injury does not immediately manifest itself, the three-year statute of limitations . . . commences when a plaintiff knows, or reasonably should know through diligent inquiry, that he or she has been injured."). Whether the discovery rule applies is a question of fact for the jury. *Williams*, 112 P.3d at 287.

## ANALYSIS

Defendant seeks dismissal of the Complaint, arguing that Plaintiff's failure to plead the actual date of his diagnosis of atherosclerotic-related conditions is fatal to his strict liability and negligence claims. Alternatively, Defendant asks the Court to require Plaintiff to amend his Complaint with the date of his diagnosis of any atherosclerotic-related conditions.[7] Plaintiff counters that he has stated a time frame in his pleading and that Defendant's request amounts to an improper requirement that Plaintiff's Complaint refute any affirmative defenses Defendant might have. Defendant's argument is not supported by the Rules.

Rule 8(c) lists affirmative defenses and states that at the pleading stage of the litigation, it is the defendant's burden to assert any or all that apply. The rule explicitly lists the statute of limitations as an affirmative defense. The federal rules do not require a plaintiff to anticipate a defendant's affirmative defenses and refute them. *Fernandez v. Clean House, LLC,* 883 F.3d 1296, 1299 (10th Cir. 2018). "Further, even after the defendant has pleaded an affirmative defense, the federal rules impose on the plaintiff no obligation to file a responsive pleading." *Id.* One exception applies. If a plaintiff alleges all the factual elements of an affirmative defense in a pleading and thereby admits them, it may be appropriate for a court to dismiss a claim based on that affirmative defense. *Id.*

As authority for its proposition that Plaintiff must include an explicit date of diagnosis in the Complaint, Defendant cites only one published case with similar claims, *Nowell v. Medtronic*

---

[7] Underlying Defendant's argument is an allegation that Plaintiff's Complaint must fail because he was diagnosed with cardiovascular problems more than three years before he filed his Complaint. Defendant attaches a medical document as evidence supporting this argument. In making its ruling, the Court did not consider this unauthenticated document. Unless the document meets an exception, the sufficiency of a complaint must rest on its contents alone. *Casanova v. Ulibarri*, 595 F.3d 1120, 1125 (10th Cir. 2010); *see also Nowell v. Medtronic Inc.,* 372 F.Supp.3d 1166, 1209 (N.M. D. 2019) (explaining the three exceptions to this rule: (i) documents that the complaint incorporates by reference; (ii) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity; and (iii) matters of which a court may take judicial notice). Defendant does not allege that any of these exceptions apply.

*Inc.*, 372 F. Supp. 3d 1166 (D.N.M. 2019). But this case is not on point, as *Nowell's* holding is based on the exception. In *Nowell*, the Court explained that plaintiff's claims for strict liability and negligence were barred because her pleading revealed that she both knew of her injury and of its cause seven years before she filed her complaint. *Id.* at 1242. In so doing, the *Nowell* court recognized that the exception applied because the pleading on its face admitted the expiration of statute of limitations. But Defendant does not argue that the exception applies here.

Rather, Defendant's argument conflates the knowledge of injury requirement with the knowledge of causation requirement. The first, a plaintiff must plead. The second, under the discovery rule, is a question of fact for the jury. *See Maestas v. Zager*, 152 P.3d 141, 147 (N.M. 2007) (reversing summary judgment in favor of defendant and applying discovery rule to medical malpractice cases, holding that a cause of action accrues when the plaintiff has factual knowledge or with reasonable diligence should have knowledge of both the existence and the cause of an injury). Here, Plaintiff has pleaded that his injuries occurred between 2013 and 2017. While Plaintiff does not state the moment that he became aware of the connection between those conditions and Tasigna, under Rule 8(c) and the discovery rule, Plaintiff need not. At this stage in the proceedings, the statute of limitations does not bar Plaintiff's claims.

For the same reason, the Court denies Defendant's request for a more definite statement. Under Rule 12(e) a motion for a more definite statement is appropriate when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Defendant's only allegation of

ambiguity or vagueness in Plaintiff's pleading rests on the same statute of limitations argument.[8] Under these circumstances, Defendant cannot avoid its own obligations under Rule 8(c) with Rule 12(e). The Court finds that Plaintiff pleaded plausible claims under Rule 8(a).

IT ORDERED THAT: DEFENDANT NOVARTIS PHARMACEUTICALS CORPORATION'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT AND MEMORANDUM OF LAW IN SUPPORT (Doc. 8) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[8] Defendant's caselaw citations are distinguishable, because the claims are not analogous and/or failed to plead a specific timeframe. *See MasTec N. Am. Inc. v. Allegiance Commc'ns, LLC*, 2006 WL 3350712 at *3 (D. Kan., Nov. 17, 2006) (failed to plead fraud with specificity and on the contract claim, did not provide information about the type of contract or the date of its formation); *Coleman v. H.C. Price Co.*, 2012 WL 1118775, at *3-4 (E.D. La. Apr. 3, 2012) (failed to plead fraud with specificity, failed to provide the time period of decedents' alleged exposures, related injuries and illnesses, and dates of diagnosis); *Slinkski v. CSX Transp.*, 2007 WL 1377931 at *1 (E.D. Mich. May 8, 2007) (failed to allege the type of injury, causation, or damages).