# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

## Before the Honorable Gregory B. Wormuth
## United States Magistrate Judge

### Clerk's Minutes

### 20-cv-262 JAP/GBW

*Hurd v. Novartis Pharmaceuticals Corporation*

### Date of Hearing: 8/3/2020
### *(not recorded)*

| | |
|---|---|
| **Attorney for Plaintiff:** | Raymond Silverman |
| | Chris Oxx |
| | Justin Kaufman |
| | |
| **Attorneys for Defendant:** | Julia Broggi |
| | Andrew Reissaus |

| | |
|---|---|
| **Proceedings**: | Rule 16 Scheduling Conference |
| | |
| *Start Time*: | 2:10 p.m. |
| *Stop Time*: | 2:48 p.m. |
| **Total Time:** | **38 minutes** |
| | |
| **Clerk**: | JLS |

**Notes**:

- The Court made introductions.
- The Court noted that the parties' proposed discovery timeline is very long at eighteen months and proposed bringing the timeline down to fifteen months, with the option to extend discovery under the Rule 16 good-cause standard at a later time.
- The parties did not object to shortening the discovery timeline by three

months, although they noted that the parties have several parallel cases in other federal districts, which may impact the flexibility of the parties' schedules.

- The Court advised the parties that Local Rule 73.2 permits parties to consent to proceed before the pretrial magistrate judge in dispositive matters, including trial. The Court emphasized that the decision to consent to proceed before a magistrate judge rests with the parties. If the parties agree to have the Court move into the presiding role, they must jointly complete and submit the appropriate Form AO 85 (which may be found on the Court's website at https://www.nmd.uscourts.gov/forms) to chambers. The parties may complete this Form at any time unless and until the parties participate in a settlement conference with this Court.

- In accordance with a shortened schedule, the Court adopted the following discovery deadlines:

| | |
|---|---|
| Discovery ends: | 11/1/2021 |
| Pretrial Motions: | 12/1/2021 |
| Plaintiff's Experts: | 7/21/2021 |
| Defendant's Experts: | 8/21/2021 |
| Supplementation Under FRCP 26(e): | 10/1/2021 |
| | |
| Deadline for Plaintiff to amend pleadings: | 6/1/2021 |
| Deadline for Defendant to amend pleadings: | 7/1/2021 |
| Deadline for Plaintiff to add parties: | 4/25/2021 |
| Deadline for Defendant to add parties: | 5/11/2021 |

- The Court noted the parties' disagreement concerning the appropriate limit on fact depositions, with Plaintiff preferring a max of 15 depositions and Defendant preferring a max of 10. After hearing the arguments of the parties, the Court decided that it would set the limit at 15 fact depositions per side, noting that Defendant could seek a protective order on an individual basis if it considers a deposition duplicative.

- The Court noted that the parties did not establish any limit on requests for production and asked the parties for their thoughts on an appropriate limit. Mr. Silverman noted that the parties have reached up to 100 requests in other cases. Mr. Reissaus stated a preference against a limit of 100. The Court stated that it would forgo setting any limit on requests for production, in light of the parallel litigation and the factual complexities of the case.

- The Court adopted the following discovery limits:

A maximum of 25 interrogatories per party

A maximum of 25 requests for admission per party
A maximum of 15 fact depositions per side (limited to 7 hours); no
limitation on expert depositions

- The Court informed the parties that it would be prepared to address discovery disputes through informal status conferences as an alternative to lengthy and costly motions practice, and that the parties could take advantage of this option by contacting the Court. The Court noted that if the parties seek such informal dispute resolution, and it is unsuccessful, they will be permitted to engage in motions practice on the dispute thereafter. The Court noted that if the parties wish to avail themselves of an informal process, the Court will ask the parties to provide written explanations of the dispute to assist in the Court's understanding of the issues involved.
- The Court stated that it would not schedule a settlement conference at this time, in light of the lengthy timeline of discovery, but that that it would set a status conference five months out to discuss the prospect of settlement at that time. After conferring with the parties, the Court set a status conference for January 5, 2021 at 10:30 a.m.
- Mr. Reissaus asked the Court about the status of the protective order and 502(d) order that the parties supplied with the Joint Status Report. The Court stated that it would enter the orders shortly.
- Mr. Reissaus asked the Court whether Defendant could pursue a single-issue motion for summary judgment without prejudice to the ability to file a later motion for summary judgment on other issues. The Court noted that the handling of a motion for summary judgment would be in the hands of the presiding judge but stated that a single-issue motion would not prejudice a party's ability to bring another motion later.
- The Court concluded proceedings.