IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONALD HURD,

    Plaintiff,

v.                                                      Civ. No. 20-262 JAP/GBW

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant.

## ORDER SETTING PRETRIAL DEADLINES AND BRIEFING SCHEDULE

The Court held a Rule 16 initial scheduling conference on August 3, 2020. The case is hereby assigned to an extended case-management track. Additionally, the Joint Status Report, after consultation with the parties, is adopted as an order of the Court, except as noted below.

The deadline for Plaintiff to join additional parties is **April 25, 2021**. The deadline for Defendant to join additional parties is **May 11, 2021**. The deadline for Plaintiff to amend pleadings is **June 1, 2021**. The deadline for Defendant to amend pleadings is **July 1, 2021**.

Each party shall be limited to twenty-five (25) interrogatories and twenty-five (25) requests for admission to serve or notice on the other parties. Each side shall be limited to fifteen (15) depositions of fact witnesses to serve or notice on the other side.

The termination date for discovery is **November 1, 2021**, and discovery shall not be reopened, except by an order of the Court upon a showing of good cause. This deadline shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed within the twenty-one-day time limit set forth in Local Rule of Civil Procedure 26.6.[1] *See* D.N.M.LR-Civ. 26.6. Local Rule of Civil Procedure 7 provides motion practice requirements and the timing of responses and replies. *See* D.N.M.LR-Civ. 7.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756-57 (7th Cir. 2004); Fed. R. Civ. P. 26(a)(2)(B) & (C); D.N.M.LR-Civ. 26.3(b). Plaintiff shall identify to all parties in writing any expert witness to be used by Plaintiff at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil

---

[1] Of course, Fed. R. Civ. P. 26(c)(1) and 37(a)(1) require parties to "in good faith confer[] or attempt to confer" prior to filing such motions. The mere imminence of the twenty-one-day time limit does not excuse this obligation, so parties must initiate the attempts to confer promptly to ensure they have sufficient time to adequately discuss the dispute. Nonetheless, if the parties are actively conferring on the matter, the Court will liberally grant motions to extend the D.N.M.LR-Civ.26.6 deadline.

Procedure 26(a)(2)(B) & (C) no later than **July 21, 2021**.  All other parties shall identify in writing any expert witness to be used by such parties at trial and provide expert reports or other disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) & (C) no later than **August 21, 2021**.

Dispositive pretrial motions not related to discovery[2] shall be filed with the Court and served on opposing parties by **December 1, 2021**.  Local Rule of Civil Procedure 7 provides motion practice requirements and the timing of responses and replies.  *See* D.N.M.LR-Civ. 7.  Any dispositive pretrial motion not related to discovery filed after the deadline shall be considered untimely in the discretion of the Court.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with Local Rule of Civil Procedure 10.6.  *See* D.N.M.LR-Civ. 10.6.

Motion practice must be conducted in accordance with the local rules.  In particular, the Court would highlight Local Rule 7.4 which provides that response and reply deadlines "may be extended by agreement of all parties.  For each agreed extension, the party requesting the extension must file a notice identifying the new deadline and the document (response or reply) to be filed.  If an extension of time is

---

[2] This category of motions includes those brought to exclude evidence or testimony pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).  Deadlines for motions in limine not based on *Daubert* and other trial-focused motions will be set by the trial judge.

opposed, the party seeking the extension must file a separate motion within the applicable fourteen (14) day period." D.N.M.LR-Civ. 7.4(a). Of course, any extension of briefing time must not interfere with the case management deadlines established herein. *Id.*

    **IT IS SO ORDERED**.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE