# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

## Before the Honorable Gregory B. Wormuth
## United States Magistrate Judge

### Clerk's Minutes

### 20-cv-262 JAP/GBW

*Hurd v. Novartis Pharmaceuticals Corporation*

Date of Hearing:   1/5/2021
*(not recorded)*

| | |
|---|---|
| **Attorneys for Plaintiff:** | Raymond Silverman |
| | Christopher Oxx |
| | Justin Kaufman |
| | |
| **Attorneys for Defendant:** | Grant Hollingsworth |
| | Julia Broggi |
| | |
| **Proceedings**: | Status Conference |
| *Start Time*: | 10:34 a.m. |
| *Stop Time*: | 10:54 a.m. |
| **Total Time:** | **20 minutes** |
| | |
| **Clerk**: | JLS |

**Notes**:

- The Court made introductions.
- The Court explained that it had set this status conference to determine whether the parties were ready to set a settlement conference before the Court and to check in on the progress of discovery.
- Mr. Hollingsworth stated Defendant's position that it was open to settlement but considered resolution unlikely at this time given the presence of strong defenses in this case.

- The Court noted that the Local Rules require the parties to at least attempt settlement, before either a magistrate judge or a private mediator.  The Court noted that expert disclosures are due in late summer and proposed putting a settlement conference on the calendar for late September or early October.
- Mr. Hollingsworth agreed that expert disclosures would be important before proceeding to settlement and expressed a preference to proceed after the dispositive motions deadline.
- The Court asked whether Defendant would prefer to proceed after dispositive motions have been filed or after receiving a ruling.  Mr. Hollingsworth responded that it would prefer to proceed after the dispositive motion deadline.
- Mr. Silverman stated his agreement with Mr. Hollingsworth's position and noted that some of the parallel suits involving other plaintiffs have involved unsuccessful attempts to mediate.  Mr. Silverman stated that Plaintiff was open to a settlement conference at a time decided by the Court.
- The Court asked the parties whether any of the parallel suits will be submitted to a jury before the dates under consideration.
- The parties indicated that the first trial date was set for the beginning of November with another set for December.
- The Court tabled the question of when to hold a settlement conference to ask the parties whether any discovery issues have arisen.
- The parties responded that there were no issues that required the Court's attention at this time and that the parties have been meeting and conferring on a number of issues over the past several months.
- The Court asked the parties for more specific information concerning the upcoming trials.
- Mr. Hollingsworth responded that one case is scheduled for November 8 in the Western District of Arkansas and the next is set for some time around December 8 in Illinois.  He also responded that Defendant anticipates two-week trials.
- Mr. Silverman stated that Plaintiff anticipates that trial will take 10-15 days.
- The Court noted that the dispositive motion deadline in this case was December 1, 2021 and that the parties would be unlikely to receive any rulings even in January.  The Court proposed setting the settlement conference in January 2022, after the dispositive motions have been filed and perhaps some jury verdicts have been received in parallel cases.  The Court proposed proceeding the week of January 10.
- Mr. Silverman noted that a trial date was presently set for January 3 in the Middle District of Florida but suggested that the parties should proceed regardless given the likelihood that dates might be reset.
- Mr. Hollingsworth concurred with Mr. Silverman.

- The Court stated that it would set the settlement conference for January 11, 2022.  It noted that it could accommodate rescheduling if the parties experienced scheduling issues or other factors affecting the viability of settlement.  It further noted that if the parties reached a point where settlement became viable earlier, they should contact chambers to discuss rescheduling the settlement conference for an earlier date.
- The Court noted that it has been conducting settlement conferences remotely for some time now but it hoped to be able to return to in-person settlement conferences by next year.  It further noted that a remote conference may be nonetheless preferred by the parties given their locations.  The Court concluded that it would leave the location of the settlement conference to be determined for now.
- The Court concluded proceedings.